**424.15**

PDR NO.PD-0424-15

ORIGINAL

IN THE COURT OF CRIMINAL APPEALS OF TEXAS

Austin, TEXAS

| | |
|---|---|
| Oliver K.Hughes, | APPELLANT |

-VS-

| | |
|---|---|
| THE STATE OF TEXAS | APPELLEE |

ON PETITION FOR DISCRETIONARY REVIEW"From THE(First COURT OF APPEALS)

IN Case NO.01-14-00173-CR     AFFIRMING THE CONVICTION

IN TRIAL COURT NO.1348998 From THE 339TH DISTRICT COURT OF

HARRIS COUNTY, TEXAS

RECEIVED IN
COURT OF CRIMINAL APPEALS

JUN 19 2015

Abel Acosta, Clerk

APPELLANT'S "PETITION FOR DISCRETIONARY REVIEW"

FILED IN
COURT OF CRIMINAL APPEALS

JUN 19 2015

Abel Acosta, Clerk

I.

## IDENTITY OF JUDGE(S),PARTIES AND COUNSEL:

TRIAL JUDGE                          The Honorable Jay Burnett

Pretrial JUDGE                   The Honorable Maria T.Jackson

339TH District Court

1201 Franklin Street

Houston,Texas 77002


APPELLANT AND Pro-Se DEFENDANT      Oliver K.Hughes

TDCJ-CID#1929487

French M.Robertson Unit

12071 FM 3522

Abilene,Texas 79601


PROSECUTOR(S) AT TRIAL           Joshua Phanco

Donna Logan

~~Assistant's District~~ Attorney's

Harris County,Texas

1201 Franklin Street

Houston,Texas 77002


APPELLANT'S COUNSEL ON APPEAL     Mark C.Kratovil

Assistant Public Defender

~~1201 Franklin Street~~ 13TH Floor

Houston,Texas 77002

II.

## TABLE OF CONTENTS:

1)Identity of Judge(s),Parties,And Counsel..............................PAGE II

2)Table of Contents.....................................................PAGE III -IV

3)Index of Authorities..................................................PAGE V

4)Statement Regarding Oral Argument.....................................PAGE VI

5)Statement of Procedural History of the case...........................PAGE VII

6)Grounds for Review....................................................PAGE VIII

THE"COURT OF APPEALS",ERRED IN DENYING THE APPELLANT'S APPEAL Brief

FOR(2)Two REASONS:

ISSUE ONE:THE TRIAL COURT COMMITTED ERROR IN RULING THE DOOR TO EXTRANEOUS OFFENSE

EVIDENCE HAD BEEN OPENED BY THE APPELLANT AND PERMITTING THE STATE TO

ELICT TESTIMONY TOUCHING ON AN EXTRANEOUS AGGRAVATED ASSAULT AND CRACK

COCAINE DISCOVERED IN THE APPELLANT'S APARTMENT FOLLING HIS ARREST:

A.ABUSE OF DISCRETION IS THE APPLICABLE STANDARD OF REVIEW:.............. 1

B.EVIDENCE OF EXTRANEOUS OFFENSE IS GENERALLY PROHIBITE UNDER RULE 404(b).2

C.THE TRIAL COURT ABUSED ITS DISCRETION IN RULING THAT THE APPELLANT HAD

OPENED THE DOOR TO EVIDENCE OF THE EXTRANEOUS AGGRAVATED ASSAULT WITH

A DEADLY WEAPON AND DISCOVERY OF CRACK COCAINE:.........................3

(1)THE APPELLANT'S QUESTIONING OF OFFICE BLACK REGARDING WHAT PARTY ORIGINALLY

CALLED 991,DID NOT LEAVE THE JURY WITH A FALSE IMPRESSION.................3

(2)THE DISCOVERY OF CRACK COCAINE IN THE APPELLANT'S APARTMENT IS NOT RELEVANT

TO A FACT OF CONSEQUENCE IN THE DETERMINATION OF WHETHER THE APPELLANT

COMMITTED AN AGGRAVATED ASSAULT........................................ 6

D.THE APPELLANT SUFFERED HARM AS THE STATE CONNECTED THE EXTRANEOUS OFFENSE

TO THE AGGRAVATE ROBBERY IN CLOSING ARGUMENTS..........................8

## TABLE OF CONTENTS:

ISSUE TWO: THE TRIAL COURT COMMITTED ERROR BY FAILING TO DELIVER A TIMELY ORAL INSTRUCTION LIMITING THE JURY'S CONSIDERATION OF EVIDENCE OF EXTRANEOUS OFFENSES ALLEGEDLY COMMITTED BY THE APPELLANT.......................... 11

    A: A TRIAL COURT MUST GIVE A LIMITING INSTRUCTION TO THE JURY AT THE EARLIEST AVAILABLE OPPORTUNITY UPON THE DEFENDANT'S REQUEST............ 11

    B: THE ORAL INSTRUCTION TO THE JURY DID NOT AMOUNT TO A PROPER LIMITING INSTRUCTION...................................................... 12-13

    C: THE APPELLANT SUFFERED HARM AS THE JURY WAS PERMITTED TO CONSIDER INADMISSIBLE EXTRANEOUS OFFENSE UNTIL THE END OF THE TRIAL.......... 14-18

Argument.......................................................... 1-18

Prayer............................................................ 18

Inmate Declaration................................................ 19

Certificate of Service............................................ 19

# INDEX OF AUTHORITIES CITED:

CASES:                                                                          PAGES:

1)ALLEN v.U.S.164 U.S.492,17 S.C.t.154(1896)..........................15..16

2)Jackson v.Virginia,433 U.S.307,99 S.C.t.2781,61 L.E.d.2d 560(1979)........5

3)Mapp v.Ohio,367 U.S.643,81 S.C.t.1684,6 L.E.d.2d 1081(1961)..............5,6

4)U.S. v.Frederick,78 F.3d 130(9th Cir.1996)................................5

5)U.S.v.Henry,(2003,CA.2 NY),325 F.3d 93,cert.Denied 540 U.S.907,124 S.C.t.

203,157 L.E.d.2d 194(2003).................................................16

6)U.S. v.Zabriskie,415 F.3d 1139(CA 10 Utah 2005)..........................16

7)Avery v.STATE,941 S.W.2d 221(Tex.App.-Corpus Christi 1996)................13

8)Couret v.STATE,792 S.W.2d 106(Tex.Crim.App.1990)..........................7,

9)Poster v.STATE,909 S.W.2d 86(Tex.App.-Houston[14th Dist]1995,pet.ref'd).....1

10)Hayden v.STATE,296 S.W.3d 549(Tex.Crim.App.2009)..........................2

11)Hernandez v.STATE,176 S.W.3d 821(Tex.Crim.App.2005).......................7,10

12)Jackson v.STATE,320 S.W.3d 873(Tex.App.-Texarkana 2010)....................10

13)Johnson v.STATE,967 S.W.2d 410(Tex.Crim.App.1998).......................... 18

14)King V.STATE,953 S.W.2d 266(Tex.Crim.App.1997).............................8,18

15)Montgomery v.STATE,810 S.W.2d 372(Tex.Crim.App.1990)........................2,

16)Mozon v.STATE,991 S.W.2d 841(Tex.Crim.App.1999)............................1

17)Owens v.STATE,827 S.W.2d 911(Tex.Crim.App.1992)...........................13,

18)Pederson v.STATE,237 S.W.3d 882(Tex.App.-Texaskana 2007).................11,15

19)Rankin v.STATE,974 S.W.2d 707(Tex.Crim.App.1996)....................7,11,13,17,∂

20)Ransom v.STATE,920 S.W.2d 288(Tex.Crim.App.1994)..........................2,

21)Robertson v.STATE,,29 S.W.3d 596(Tex.App.-Houston[1st Dist.]2000,pet.ref'd)..17,

22)Sandoval v.STATE,409 S.W.3d 259(Tex.App.-Austin 2013,no.pet))))).........6,8,10

UNITED STATES CONSTITUTION

5th;6th;14th Amendments

TEXAS CONSTITUTION BILL OF RIGHTS:

Art.1,§§§10;19;29

STATUTES AND RULES

Tex.R.App.Proc.44.2

Tex.R.Evid.404(b)

STATEMENT REGARDING ORAL ARGUMENT:

The defendant/Appellant/Petitioner beleaves' that its imperative to elucidate

on the issues that the state of Texas' assistant District attorney's obfuscated

by way of perfidy and duplicity to the jury.

STATEMENT OF PROCEDURAL HISTORY OF THE CASE:

The Harris county,District attorney's office charged "APPELLANT"Olver K.Hughes

By indictment on August 28,2012,with one count of [AGGRAVATED ROBBERY"]with an

Deadly weapon,specifically the appellant was alleged to have threatend the comp

lainant/witness with imminent bodily injury and death while exhibiting a firearm

While in the course of committing theft".The complainant,Mr.Valery Gulley was in

fact the only witness to the alleged act.one prior felony conviction was alleged

in the indictment.(C.R.at 19)

Voirdire began on February 18,2014,and a twelve-person jury was empanelled on

that same day.(3 RR.at 95-96).Following a two day guilty-Innocence phase,the

Jury returned a guilty verdict.(C.R.at 200)The jury assessed punishment at

Seventeen(17)years confinement in the TEXAS Department of Criminal Justice.

(C.R.at 200-201)A timely notice of appeal was filed by the appellant and certif

ied by the trial Court On February 21,2014(C.R.at 203-206)The appellant filed a

motion for a "[NEW TRIAL"],On March 19,2014,which the Court,trial Court claimed

To have stamped and received on March 26,2014,but didnot grant or deny,thus and

there was no answer to the Defendant's motion for a new trial(C.R.at 215-218).

VI.

## STATEMENT OF PROCEDURAL HISTORY OF THE CASE:

By "Opinion",dated March 26,2015,the COURT OF APPEALS-FOR THE FIRST DISTRICT OF

TEXAS,AT(Houston)AFFIRMED the Appellant's felony conviction for AGGRAVATED - ROBBERY-with an Deadly weapon.Applellant did not file a motion for Rehearing.

### GROUNDS FOR REVIEW:

**ISSUE ONE:**

THE TRIAL COURT COMMITTED ERROR IN RULING THE DOOR TO EXTRANEOUS OFFENSES EVIDE

NCE HAD BEEN OPENED BY THE APPELLANT AND PERMITTING THE STATE TO ELICIT TESTIMO

NY TOUCHING ON AN EXTRANEOUS OFFENSE OF AGGRAVATED OFFENSEOF ASSUALT AND CRACK

COCAINE DISCOVERED IN THE APPELLANT'S APARTMENT FOLLOWING HIS ARREST:

A)ABUSE OF DISCRETION IS THE APPLICABLE STANDARD OF REVIEW:

B)EVIDENCE OF EXTRANEOUS OFFENSES IS GENERALLY PROHIBITED UNDER RULE 404(b):

C)THE TRIAL COURT ABUSED ITS DISCRETION IN RULING THAT THE APPELLANT HAD OPENED

THE DOOR TO EXTRANEOUS AGGRAVATED ASSUALT WITH A DEADLY WEAPON AND DISCOVERY OF

CRACK COCAINE:

1)THE APPELLANT'S QUESTING OF OFFICER BLACK REGARDING WHAT PARTY ORIGINALLY CAL

LED (911),DID NOT LEAVE THE JURY WITH A FALSE IMPRESSION:

2)THE DISCOVERY OF CRACK COCAINE IN THE APPELLANT'S APARTMENT IS NOT RELEVANT TO

A FACT OF CONSEQUENCE IN THE DETERMINATION OF WHETHER THE APPELLANT COMMITTED AN

AGGRAVATED ROBBERY:

D)THE APPELLANT SUFFERED HARM AS THE STATE CONNECTED THE EXTRANEOUS OFFENSE TO THE

AGGRAVATED ROBBERY IN CLOSING ARGUMENTS:

ISSUE TWO:

THE TRIAL COURT COMMITTED ERROR BY FAILING TO DELIVER A TIMELY ORAL INSTRUCTION LIMITING THE JURY'S CONSIDERATION OF EVIDENCE OF EXTRANEOUS OFFENSES ALLEGEDLY COMMITTED BY THE APPELLANT:

A)A TRIAL COURT MUST GIVE A LIMITING INSTRUCTION TO THE JURY AT THE EARLIEST AVAILABLE OPPORTUNITY UPON THE DEFENDANT'S REQUEST:

B)THE ORAL INSTRUCTION TO THE JURY DID NOT AMOUNT TO A PROPER LIMITING INSTRUCTION

C)THE APPELLANT SUFFERED HARM AS THE JURY WAS PERMITTED TO CONSIDER INADMISSIBLE EXTRANEOUS OFFENSES EVIDENCE UNTIL THE END OF THE TRIAL:

ISSUE ONE:

THE TRIAL COURT COMMITTED ERROR IN RULING THE DOOR TO EXTRANEOUS OFFENSE EVIDENCE HAD BEEN OPENED BY THE APPELLANT AND PERMITTING THE STATE TO ELICIT TESTIMONY TOUCHING ON AN EXTRANEOUS "AGGRAVATED ASSUALT,AND CRACK COCAINE DISCOVERED IN THE APPELLANT'S APARTMENT FOLLOWING HIS ARREST:

A)ABUSE OF DISCRETION IS THE APPLICABLE STANDARD OF REVIEW":

It's a consumated(f)act that the Appellant's rights to a(Fair trial)was violated by the State's-Attorney's Joshua Phanco by way of perfidy,obfuscation by having the Court admit["Extraneous Evidence"]that was other wise not admissible for the state to bring into the litigation.The STATE sought to have the(Restriction),lifted by, making a frudulent claim that the defendant opened the door through his CROSS-Examination of the STATE'S Witnesses,Namely "Valery Gulley,and Houston police officers James BLACK,and James HUCKLEBEE".

OFFICER'S BLACK,and HUCKLEBEE",was the only testifying in an adminicular compassity to try to corrobrate other circumstances to tie in with the prosecutor's (Case in chief)to prove charter conformitye that the defendant was a "BAD person and deserved to be locked-up and incarcerated in jail,he was,and is a menace and a threat to society.(V.6.R.R.pp.19-34)

The state's attorney's,by way of(Duplicity)(Replaced evidence with emotion")which is A "Plain Error",and Reversible Error".It's a legal maxim that the prosecutor(May strike hard blow's,not foul blow's")In determining whether a trial Court "Erred",in Admitting evidence,the standard for Review is (Abuse of discretion").Mozon v.STATE, 991 S.W.2d 841(Tex.Crim.App.1999).Under(Abuse of discretion")standard,A trial court, commits "Error"when it's decision is so clearly wrong as to lie outside the(Z)one within which Reasonable persons might disagree."A(P)rudent man or woman".Foster v. STATE,909 S.W.2d 86,88(Tex.App.-Houston[14th Dist]1995,pet,ref'd)The over arching question is therefore whether or not the Court abused its discretion by (Overruling the Appellant's objections that the STATE was permitted to introduce evidence of an

1.

ARGUMENT AND AUTHORITY:

Extraneous offenses tied to the Appellant.(V.4.R.R.at 89-91)(V.5.R.R.at 6-11)

B)EVIDENCE OF EXTRANEOUS OFFENSES IS GENERALLY PROHIBITED UNDER RULE 404(b)(TEX.R.OF EVID):

To prevent a defendant from being prosecuted for a collateral crime,the STATE is Generally "[BARRED"]from introducing evidence of extraneous offenses,similar to the offense the defendant is facing at trial.Montgomery v.STATE,810 S.W.2d 372(Tex.Crim. App.1990);TEX.R.EVID.Rule 404(b).The protection affored to a defendant by this rule is meant to conter the possibility that evidence may not be admitted to show a defen dant's corrupt nature from which the jury may then["Render a verdict"],a verdict not on the facts of the case before them,but rather,on the,or their(P)erception of the Defendant's character.Rankin v.STATE,974 S.W.2d 707,709(Tex.Crim.App.1996).

There are several notable exceptions to the general prohibition on ["Extraneous offe nse evidence"]may be used,Rule 404(b),specifically (S)tates that "[Extraneous offense Evidence may be used to show("Motive,opportunity,intent,preparation,plain knowledge, identity,or absence of mistake or accident").It does not state that it can be used to form(Conjecture,Hypotisis,metaphores,or predilections").Most apropos to the present case is an exception not listed under Rule 404(b)and which was a creation of case law That is the STATE may seek to admit ["Extraneous offense evidence",to (r)ebut defensi ve theories,raised by the STATE'S witnesses during Cross-Examination.See:RANSOM v. STATE,920 S.W.2d 288,301(Tex.Crim.App.1994).No matter what exception may apply to the admission of extraneous offense evidence,the (E)vidence must still be["Contexual, contemporaneous,contiguous,material,pertinent,and relevant")to a fact of consequences in the case.Rankin,974 S.W.2d at 709.Certainly extraneous offenses evidence becomes Admissible when a party,open the door to such evidence by leaving a false impression with the jury that invites the other side to respond."Hayden v.STATE,296 S.W.3d 549, 554(Tex.Crim.App.2009).But the (False impression")must be one that is directly releva nt to the offense charged.I.d.(Citing Daggett v.STATE,187 S,W.3d 444,454,n24(Tex.Cr. App.2005)

2.

## ARGUMENT AND AUTHORITY:

THE prosecutor cannot use an "inference on top of an inference to form a fact of Law,that's illegall("Inference on inference staking").

C)THE TRIAL COURT ABUSE IT'S DISCRETION IN RULING THAT THE APPELLANT HAD OPENED THE DOOR TO EVIDENCE OF THE EXTRANEOUS AGGRAVATED ASSAULT WITH A DEADLY WEAPON AND DISCOVERY OF CRACK COCAINE IN THE APPELLANT'S APARTMENT:

After a jury was empaneled but before the "delivery of opening arguments a brief bence conference was held"at this conference,the issue of how to address the initial reason for law enforement's arrival at the apartment complex was addressed. The trial Court(Ruled)that the STATE would be permitted to term the actions of officer's[BLACK AND HUCKLEBEE"]as part of an on going investigation but that the STATE could not broach the details of the "Extraneous Aggravated Assault."(V.4.R R.at 11-16).During the Appellant's(Recross-Examination)of officer BLACK,the foll owing verbal exchange took place:(The Appellant):Did the plaintiff,Mr.Gulley-did he call the police or someone else?

(OFFICER BLACK):Someone else.

(The Appellant):Someone else.Okay.someone else call 911 where was the place of the scene where these events took place?what was the physical address?

(OFFICER BLACK):9636 Crofton.

(The Appellant):And whose address is that?

(The trial Court):If you know.

(The Appellant)Whose address is 9636 Crofton?

(OFFICER BLACK):The person who called,as well as yourself.

(The Appellant):Okay,but we don't know the person who called?we don't know?Excuse me,your Honor,could you ask the STATE-do we have a copy of the 911 call?

(The STATE):We'll play the 911

(The trial Court):No,not yet.

(The Appellant):Okay.

(The STATE):Can we approch,Judge?

## ARGUMENT AND AUTHORITY:

(The trial Court):Yes,you may.

(The STATE):He's just open the door to the whole thing,I've got to let him testify to what happen.

(The trial Court):Not yet,I said not yet.(V.4.R.R.at 68-69).

The Appellant was then allowed to resume his(Cross-Examination)of officer BLACK.

Once the appellant completed his questing of officer BLACK,a conference was held outside the jury's presence to futher address the issue of whether the appellant h ad opened the door to evidence of "Extraneous offenses"(V.4.R.R.at 83-87)The STATE was subsequently permitted to question officer BLACK,on (Redirect)examination about the circumstances of the aggravated assault involving(Edison Green).The appellant, "Repeatedly objected to this line of questing".(V.4.R.R.at 87-93)OFFICER BLACK was later recalled near the close of the "guilt,Innocence phase",to again testify as to the "Extraneous offenses.

In officer BLACK'S second round of testimony,he touched on another "Extraneous offe nse",the first time in addition to the "Extraneous Aggravated Assualt",specifically OFFICER BLACK detailed that another member of Law enforcement",went to the appellan t's apartment following his arrest and located a "box containing crack cocaine in Plain view"(V.5.R.R.at 21-88)The judge allowed all of this "Inadmissible and insuff icient evidence into the trial on the assumption that the defendant opened the door by way of(Cross-examination)of the STATE'S witnesses,which was a blatent(Abuse of discretion")The duplicity comes in write here in(V.4.R.R.at 68-69),there is no where in the Court reporter's Records that at any time the appellant asked anyone too play A(911)call that was inadmissible because(1)It was of an extraneous nature,and (2)It held no "Relevance,or variance",to the charge of the["Aggravated Robbery"]the defend ant was on trial for.The STATE'S attorney manipulated the jury by way of giving a Presence-sence-Impression",thru the medium of "duplicity,perfidy,obfuscation,and Collusion that the(911)call was made inconnection with the(Aggravated Robbery)when the

4.

## ARGUMENT AND AUTHORITY:

The(Court,the STATE),the judge and the arresting officer's in fact knew this was an untruth,that the alledge victim never called any-one,when you couple the prosecutor's Act of (Prosecutorical Misconduct"),with the judge's(Abuse of discretion"),you have a "Cumulative effect of Plain Error",and reversible Error",["Evidence obtained by search and seizure in violation of the 4th amendment"]is inadmissible in STATE and Federal Trials.Mapp v.Ohio,367 U.S.643,6 L.E.d.2d 1081,81 S.C.t.1684(1961)Constitutional test for sufficiency of evidence is whether after veiewing the evidence in the light most favorable to the prosecution any rational trier of fact could have found the essential Elements of the crime beyond a reasonable doubt."Jackson v.Virginia,443 U.S.307,61L.E.d. 2d 560,99 S.C.t.2781(1979)(Cummulative effect of multiple "Errors",may require Reversal Where the case was a close one.See:U.S. v.Frederick,78 F.3d 130(9th Cir./996).

(A)The Appellant's questing of officer BLACK",regarding what party originally callED (911),did not leave the jury with a false impression.

OFFICER BLACK,knew that(Eddison Green")was the person who had originally called(911) To report the "Extraneous Aggravated Assault offense,this made it abundanty clear by the STATE'S(Redirect examination of officer BLACK"),where the officer,knew and intentionally is being selective and succinct in answering to the STATE'S question of who the original caller to (911)was (V.4.R.R.at 88)However,it was the Appellant's questioning of officer BLACK,regarding the identity of the original (911)caller which prompted the STATE to Argue that the door had been opened to the "Extraneous Aggravated Assault".(V.4.R.R.at 69).

The agreement reached between the defense counsel and the STATE'S Attorney's was one of "Stares Decisis,this was at a "Pretrial conference"this agreement covered exactly what Details of the extraneous offenses would be admissible,does not cover the identity of The caller of the (911)call.Rather the trial Court explicity instructed the STATE that It was not allowed or permitted to go into the details of the particular charge the "Aggravated Assault".The presence-sense-false-impression exception",did not allow or Permit the admission of the details of the extraneous Aggravated Assault.,by allowing The STATE to delve into the details for the reason or the initial encounter between

5.

## ARGUMENT AND AUTHORITY:

(A)The Appellant and LAW ENFORCEMENT",does not serve to correct or change the fact that The Appellant's "RIGHTS",were in-fact violated,or serve to change and correct any "pesence-sence-false-impression",left by the Appellant through his questioning of offic er "BLACK",was not affored an opportunity to respond to the appellant's questioning.

There was no pesence-sense-false impression left by officer "BLACK",that the STATE could Correct.,officer BLACK,knew the answer to the question posed by the appellant and could have responded the appellant's question of whether or not did he know or knew the indent ity of the person who made the (911)call was not sufficient by it's self to have opened The door to the "extraneous offense of Aggravated Assault under the false-impression- "Exception",doctrine.See:Sandoval v.STATE,409 S.W.3d 259,303(Tex.App.-Austin 2013,no pet) (holding that the door to "Extraneous offense evidence was not opened(via)the false- impression-exception",where the charged criminal conduct and extraneous offense were to DIS-
SIMILAR!

(b)THE DISCOVERY OF CRACK COCAINE IN THE APPELLANT'S APARTMENT IS NOT RELEVANT

   TO A FACT OF CONSEQUENCE IN THE DETERMINATION OF WHETHER THE APPELLANT COMMITTED

   AGGRAVATED ROBBERY:

OFFICER BLACK,testified during his rebuttal examination that another officer discovered A box containing "CRACK COCAINE",in the appellant's apartment after the appellant had Been placed under arrest.(V.5.R.R.at 25-27)The reason for why the Law enforcement offic ers felt justified for entering the appellant's apartment,was "Illegal",ONE the appella nt was already in police custody out side of his apartment,TWO,the firearm the appellant The aledgedly used to committ the alledged Aggravated Robbery was in police custody,was Secured,officer's claim as to why they entered the appellant's apartment is this so that We can safely continue our investigation,and we were looking for other suspects,when in Fact the appellant was the only suspect(V.5.R.R.at 26),this was a direct violation of

The appellant's 4th amendment rights".Mapp v.Ohio,367 U.S.643,99 S.C.t.2781,6 L.E.d.2d 560(1979)regardless of the reason for the search of the appellant's residence,the disco- very of narcotics inside the appellant's home was irrelevant to any fact of consequence

# ARGUMENT AND AUTHORITY:

(b)Litigated at trial.See:Rankin,974 S.W.2d at 709(to be admissible,extraneous offense evidence must be relevant to a fact of consequence.A similar situation was analyzed by the Court of Criminal Appeals in Couret v.STATE,792 S.W.2d 106 (Tex.Crim.App.1990),The defendant in (Couret)was convicted of Burglary of a Bu ilding for breaking into a warehouse,where he was discovered and arrested by the Police,during a search of (Couret)following his arrest,police discovered a "Hypod ermic needle",in the defendant's pocket,although the defense objected to the admi ssion of the "Hypodermic needle",on the grounds that it was an "Extraneous offense or bad act",both the trial court and the Court of Appeals held that the needle was Discovered contemporaneously with the defendant's arrest.I.d.at 107.the Court of Criminal Appeals,(Reversed)the decision of the trial Court,and the Court of Appeal

("holding that the evidence of the discovery of the needle was wholly irrelevant to the underlying charge of burglary of a building",there is no suggestion or indicati on that the appellant burglarized the warehouse to obtain money or property to supp ort a drug habit.

The mere fact that possession of the "Hypodermic needle",was contemporaneous with the arrest does not permit admission",I.d.at 108,with out some sort of link between the discovery of drugs,or drug paraphernalia and the underlying criminal offense, Evidence of the defendant's possession of a controled substance is inadmissible und er TEX.R.EVID.RULE 404(b)the same reasoning applied by the Court of Criminal Appeal s in (Couret)leads to a similar conclusion in the present case,simply put,whether There were norcotics discovered in the appellant's house,some time after the appell ant's arrest has no bearing on whether he did or did not committ an "Aggravated Rob bery".

7.

ARGUMENT AND AUTHORITY:

D)THE APPELLANT SUFFERED HARM AS THE STATE CONNECTED THE EXTRANEOUS OFFENSE TO THE AGGRAVATED ROBBERY IN CLOSING ARGUMENTS:

The erroneous admission of "Extraneous-offense-Evidence",is non-Constitutional error and is analyzed under the standard found in Tex.R.App.Proc.44.2(b).See:Hernandez v. STATE,176 S.W.3d 821,824(Tex.Crim.App.2005);Sandoval,409 S.W.3d at 304.,under Rule 44.2(b),the appellant must demonstrate that a substanial right was affected."(A Subs tantial right is affected when the error had a "substanial and injurious effect or Influeence on the jury's thinking and gravamen in determining the jury's verdict". See:King v.STATE,953 S.W.2d 266,271(Tex.Crim.App.1997)In the closing arguments the STATE connected the "Extraneous-offense-evidence",of the (Aggravated Assault and possession of cocaine")to the credibility of the witnesses,which was wrong because that was infact contrary to the law,specifically,the STATE argued to the jury that the discovery of drugs in the appellant's apartment made the complaint's testimony more credible when infact it was "[Illegal for the STATE'S prosecutor to couch hiss argument that way"],basicly,the STATE told the jury that because the appellant had Drug's in his apartment,"HE",committed the Robbery",similary,the STATE argued that The investigation of the ["Aggravated Assault,directly affects the credibility of OFFICER BLACK",and Hucklebee",I.d.if not for the admittance of the "Extraneous-offense-Evidence",the STATE,could not convict the appellant on the charge or grounds of which the STATE presented it's case in chief.(V.6.R.R.11-13)In connected the Cocaine to the complainant,and to the "Aggravated Robbery",the STAE made the Followi ng argument:

"And so,the reason why,I point out the drugs is because he asked a question of Mr. Gulley!Why would I do this!Do I have a motive?That's when the drugs become revelant, and that's why after you heard that is when you heard about the drugs,because I don't

8.

## ARGUMENT AND AUTHORITY:

D)Know you could have been high.I've never had a problem with you before,"right?

You remember that?and so,the point being is we then find drugs,it doesn't mean,

Because he has drugs,he did the "Aggravated Robbery",but are the drugs consistant

with the story you heard from Mr.Gulley?and it is,then the weight of Mr.Gulley's

Testimony is more credible,does that make sense?and that is what we mean by the f

act the if you heard other evidence of crimes that he committed,they were-those go

to the weight of whether people are credible in this trial(V.6.R,R.at 11-12).

It was a violation of law and the defendant's rights are violated,its a "Plain err

or and a reversible error for the STATE'S attorney's to make an accusation to the

Jury,that the appellant committed other crimes that he was not on trial for,or

Convicted in a Court that had the legal jurisdiction to try and decide the cause or

Case of action.Also as a pratical matter,"ONE"inference is the Aggravated Robbery.

Because it's a mere accusation until the defendant is convicted of the particular or

said "crime",the other is the STATE prosecutor telling a sworn and impaneled jury

That the appellant might have been high with out no way to substaniate the claim.

This is called inference staking,or pyramid staking inference",which is illegal by

And violated the appellants (6th Amend.)Right to An fair trial(by An)

Law and impartial jury",no one is allowed to stack one "inference on top of another to

what

Come to a fact of law,or a conclusion of law",and this is the STATE'S prosecutor done

To the appellant by way of "perfidy,obfiscation of the issue's,duplicity,and being

Collusive,im collusion with the judge".Although the STATE attempted to(couch")it's

Argument in terms of witnesses credibility,the inference or conclusion being drawn is

Apparent.The claim the STATE made is the appellant was in possession of drugs,the com

plainant claimed that the appellant appeared to be high,which was not a fact of law to

Be considered.The complainant Mr.Gulley's testimony to the Court concerning this parti

cular matter is more "CREDIBLE",because people that are high have a greater or higher

propensity to commit crimes,put another way,the appellant had drug's in his apartment,

9.

## ARGUMENT AND AUTHORITY:

D)Which made it more than likely that he was (high"),which inturn makes it more than Likely that the appellant committed the "Aggravated Robbery",because he was("High"). This is the "type of improper influece or inference that TEX.R.EVID.RULE 404(b), Prohibits,the trial Court's inclusion of a limiting instruction and it's belated oral Admonishment to the jury did not serve to cure the harm caused by the trial Court's "Erroneous error by the admission of the "extraneous offense evidence",(CR.at 179); (V.5.R.R.at 20‡21)An instruction that instructs a jury to consider ["Inadmissible evidence"]for a limited purpose still instructs a jury to consider["Inadmissible evidence"],the "extraneous conduct should not have been consider for any purpose. Sandoval,S.W.3d at 305(emphasis in original)Because the jury was permitted to consider "Inadmissible extraneous conduct",and was pushed and encouraged by the STATE to consid er and use the "extraneous conduct as evidence of the appellant's guilt,the appellant Extremely suffered detrimental,"Reversible harm",stright up!See:Hernandez,176 S.W.3d at 825.When an appellate Court determines that a jury's verdict was substantively influenc ed by the improper admission of substantially inadmissible Rule 404(b)evidence that in fluence on the jury's verdict will allways be("Injurious")since there was no proper purpose for the jury to consider the evidence.Jackson v.STATE,320 S.W.3d 873,889(Tex. App.-Texarkana 2010,pet.ref'd)by its very nature an improperly admitted extraneous offense tends to be errefutibly extremely harmful.It encourages a jury to base its Decisions on charcter conformity,rather than evidence that the defendant committed the offense with whichhe or she has been charged,simply stated,the appellant was convicted for conduct,extraneous acts-evidence-offenses,not for "AGGRAVATED ROBBERY",but for bein g a bad person,for the predilections of a man's mind,the prosecutor for the STATE OF TEXAS,one Mr.Joshua Phanco,A.D.A.Harris County,Texas.

ISSUE TWO:                          ARGUMENT AND AUTHORITY:

THE TRIAL COURT COMMITTED ERROR BY FAILING TO DELIVER A TIMELY ORAL INSTRUCTION
LIMITING THE JURY'S CONSIDERATION OF EVIDENCE OF EXTRANEOUS OFFENSES ALLEGEDLY
COMMITTED BY THE APPELLANT:

In the event that "extraneous offense evidence",becomes admissible,than the d
efense is permitted to have the jury instruction as to how it may consider the
Extraneous offense evidence,Although the appellant requested that the jury be
Given an "oral limiting instruction",and the trial Court seemingly obliged this
Request,the instruction delivered by the oral,trial Court did not amount to a
Proper limiting instruction.(V.4.R.R.at 92-93)

A)A TRIAL COURT MUST GIVE A LIMITING INSTRUCTION TO THE JURY AT THE EARLIEST AV
AILABLE OPPORTUNITY UPON THE DEFENDANT'S REQUEST:

If a defendant request an instruction limiting the jury's use of an "extrane
ous offense",he is entitle to have the trial court to deliver the instruction to
The jury.Rakin,974 S.W.2d at 713,upon the defendant's request for this limiting
Instruction,the failure to give such an instruction at the time the extraneous
Evidence is admitted is blatent "Error",Pederson v.STATE,237 S.W.3d 882,887(Tex.
App.-Texarkana 2007,pet.ref'd)(citing"Rakin,974 S.W.2d at 713).

Although a trial Court may include a limiting instruction in the written jury ch
arge,the Court of Criminal Appeals has interpreted the temporal aspect of when a
limiting instructions should be given as requiring that the instruction be given
at the first opportunity.Rakin,974 S.W.2d at 712,A written instruction given for
the first time in the jury charge is insufficient as it necessarily leaves a win
dow of time,inwhich the jury can comtemplate the evidence in an inappropriate ma
nner".I.d.

11.

ISSUE TWO:                    ARGUMENT AND AUTHORITY:

B)THE ORAL INSTRUCTION TO THE JURY DID NOT AMOUNT TO A PROPER LIMITING INSTRUCTION:

During the STATE'S Redirect examination of officer BLACK",the STATE asked officer BLACK",what he was originally investigating at the appellant's apartment complex, Prior to Mr.Valery Gulley's",report of an "AGGRAVATED ROBBERY",in response officer BLACK",testified that the original call for service was regarding an "AGGRAVATED ASSAULT",with a "DEADLY WEAPON",(V.4.R.R.at 89)The appellant immediately objected, but was overruled by the trial Court.(V.4.R.R.at 89-90)The jury was then removed From the Court-room and a discussion ensued between the STATE,appellant,and the Trial Court,regarding the objection to officer BLACK'S,testimony,when the jury,retu rned to the Court-room,the appellant made the following request:

"The appellant",excuse me,your Honor!First I want to thank,Mr.Phanco for giving me This,and "Second,I want-would you please instruct the jury that-would you please, Instruct the jury that I'm only in here right now-in here for one charge and one charge only,and that's "AGGRAVATED ROBBERY",of Mr.Valery Gulley.

"THE COURT",for purposes of the record,that's what HE'S charge with.

"THE APPELLANT",One charge and one charge only.

"THE COURT",That's what HE'S charge with in this trial.

"THE APPELLANT",Thank-you sir.(V.4.R.R.at 92-93)

"THE STATE'S Redirect-Examination of officer "HUCKLEBEE",commenced.the(Abbreviated Instruction from the trial Court informing the jury"),that's what he's charge with, is of "stark contrast",to the oral limiting instruction the trial Court delivered The following day",prior to officer BLACK'S",second round of testimony,in the trial Court's full oral instruction,the jury is informed that the "Extraneous offense", May only be considered by you if you believe(beyond a reasonable doubt")that the Defendant committed these offenses or offense,if any,and even then you may only consider said evidence in determining the motive,opportunity,plain knowledge,indentity.

12.

ISSUE TWO:                    ARGUMENT AND AUTHORITY:

B)Absence of mistake,or accident of the defendant,if any,in connection with the

offense alleged against the defendant in the indictment in this trial.,you are

not to consider this evidence for any other purpose whatsoever"(V.5.R.R.at 20-21)

However,because the trial Court permitted the trial to continue for a full day's

worth of testimony before giving the limiting instruction,it was too little,and

too late to cure any "error.See:Rakin,974 S.W.2d at 712(holding that a requested.

limiting instruction must be given at the first available opportunity."It is very

unclear precisely what the purpose of the trial Court's comment of that's what he's

Charge with at(V.4.R.R.at 92-93),was ment to accomplish,particulary in light of the

Fact that the trial Court had the ability to give a proper and full limiting instru

ction at that very moment.

"That's what he's charge with is an ambiguous statement,full of ambiguities,that co

uld be explained or understood in multifarious ways,when a trial Court does not del

iver a correct limiting instruction following a request from the defense,a trial

Court has committed "Error",See:Owen v.STATE,827 S.W.2d 911,917(Tex.Crim.App.1992)(

holding that the trial court's limiting instruction failed to properly instruct the

jury on how to apply "extraneous offense evidence");Avery v.STATE,941 S.W.2d 221,223

(Tex.App.-Corpus Christi 1996,no pet.)(holding the the trial court committed error,

and finding some harm where no instruction on the jury's,"burden of proof as to the

consideration of the "extraneous act"was given on the defendant's request")The trial

Court's(abbreviate comments")in response to the appellant's request for a limiting

Instruction did not properly instruct the jury on how it may consider any "evidence"

of extraneous offenses,or if it could consider that evidence at all.The trial Court'

s instruction was therefore ["Erroneous"].

13.

ISSUE TWO:                          ARGUMENT AND AUTHORITY:

C)THE APPELLANT SUFFERED HARM AS THE JURY WAS PERMITTED TO CONSIDER INADMISSIBLE

EXTRANEOUS OFFENSE EVIDENCE UNTIL THE END OF THE TRIAL:

Only one witness testified about the merits of the alleged crime for which the appel

lant was on trial."Valery Gulley,the complainant.The two other remaining witnesses,

OFFICERS BLACK and HUCKLEBEE",were only their to testify as to the actóon they they

Took in arresting the appellant and locating the "GUN",,that the appellant allegedly

used in the "Aggravated Robbery",of Mr.Gulley,[Valery Gulley"]claims that he was

Robbed by the appellant at approximately 4:00AM,On MAY 26,2012,(V.4.R.R.at 126-127).

According to["Gulley"],he has been a good friends for approximately three years

with the appellant's brother-who["Gulley"]knows only as (Slim")-but does not know the

Appellant(V.4.R.R.at 127,128-144-145)The ["GUN"]described by the complaintant was

Allegedly used to "Rob and Assault",the victim was proported as being a ["BLACK REVOL

VER"](V.4.R.R.at 132)

However,no firearm was found on the appellant after he was detained(V.4.R.R.at 40,102

-103)OFFICER "HUCKLEBEE,believed that he might have seen the appellant reaching into

The wheel well of a vehicle parked near the apartment complex.(V.4.R.R.at 99-100)

Acting on this information,officer BLACK,found a ["BLACK AUTOMATIC PISTOL"]sitting on

Top of the tire house in the wheel well of the vehicle.(V.4.R.R.at 40-42,103)

The jury first heard about the ["Extraneous Aggravated Assault with a deadly weapon"]

During the STATE'S "Redirect Examination of the STATE'S first witness,officer BLACK",

(V.4.R.R.at 89)It was not until the following day when the STATE,recalled officer BLA

CK",that the jury was first given any kind of limiting instruction regarding it's con

sideration of "extraneous offenses"(V.5.R.R.at 20-21)The state and defense had already

Rested their cases at that point,and officer BLACK'S,rebuttal testimony served as the

Final instance of testimony during the guilt-innocence phase.(V.5.R.R.at 13-16,37-38).

14.

ISSUE TWO:                         ARGUMENT AND AUTHORITY:

C)The ["Extraneous Aggravated Assault"]alleged involved a "[GUN"]and was touched on

Extensively by officer's BLACK and HUCKEEBEE",(V.4.R.R.at 89,96-1010(V.5.R.R.at 22-

28)Thus from the first mention of the "extraneous Aggravated Assault",until the very

End of the trial,the jury had unfettered discretion or direction,on as to how it,

Should or could consider the "extraneous offenses evidence,and how all the other,

Witnesses testimonies should be evaluated inlight of the "extraneous evidence.

Pedersen,237 S.W.3d at 889(Reversing the defendant's conviction on the basis of the

trial court's refusal to deliver a timely limiting instruction regarding "extraneous

offenses,upon the defendant's request")During deliberations in the guilt-innocence

Phase,the jury sent out a note stating the need to hear the portion of the tape,and

Illustrating if or that he owened the ["GUN"],the dispute is around if it is the def

endant's ["GUN"](C.R.at 187)This rite-here clearly demonstrate's that the jury did

not know how too construe the "extraneous offense evidence",and proves indubitably

That the Court "Errored",in it's judgment,and that the defendant's substantial right

were in fact affected.The jury note at (C.R.at 187)references STATE'S Exhibit 11,a

Record of a phone call made by the appellant while he was confine in the Harris coun

ty jail where the appellant makes a statement regarding the ["GUN"]found by law en-

forcement an introduce as STATE'S Exhibit NO.3,Although the STATE sought to introduce

Only the portion of the recored phone call relating to the ["GUN"],the appellant,and

Requested that the recording be introduce into evidence in it's entirety.The trial,

Granted this request")(V.5.R.R.at 8-16;19-27),even after hearing a replay of the phone

Call,the jury remained ["Deadlocked"]in its deliberations,and informed the trial Court

That their was a juror who was refusing to vote guilty",(C.R.at 189)that's when the

Court,namely the judge,took it upon his-self to issue an "oral ALLEN CHARGE"(V.6.R.R.a

t 38).

15.

ISSUE TWO:                    ARGUMENT AND AUTHORITY:

C)"The Court",you may be seated.Ladies and Gentlemen of the jury,I'm in receipt of

Your third note indicating that you cannot reach a unanimous decision.All-Right,and

Listen carefully,these are my third instructions["Court reads the ALLEN CHARGE"]and

Without the instruction that the ["ALLEN CHARGE"]could be disregarded,that was at,

3:50PM.the jury started back deliberating from that point,and sent out another note

At 4:55PM,in that note,one juror,stated,Quote",ONE juror indicating that(not guilty)

States that a (guilty verdict")will cause or create violence to the conscience.(C.R.

at 189),this is an indirect violation of the defendant's 6th Amend[s]Rights to a fair

Trial by an impartial jury,also to the Tex.Const.Art.1,§§§10;19;29,See:ALLEN v.U.S.,

164 U.S.492,17 S.C.t.154(1896)Where the trial judge violated the defendant's rights is

That in(1940),parts of the [ALLEN CHARGE"]was declared unconstitutional by the United

Supreme Court,fact of the matter is one is not allowed to put fetters or shackle on

The weight,judgement or discretion of the jurors judgment on a defendant's innocence or

Guilt.what made the ["ALLEN CHARGE"]a violation of the defendant's 5th;6th;14th Amend[s

Rights is this("Permissible use of ALLEN CHARGE")U.S. v.Henery(2003 CA 2,NY)325 F.3d,93

Cert.den.(2003)540 U.S.907,157,L.E.d.2d 194,124 S.C.t.203(Allen charge was not improper

where it was clear from jury note that jury was deadlocked and juror were informed that

they were free to disregard "Allen charge"),and that they need only deliberate so long

as they reasonably believed they could conscientiously reach an aggrement.(impermissibl

e use of Allen charge")U.S. v.Zabriske(2005,CA 10 Utah),415 F.3d 1139(it is impermissib

ly,corcive to selectively and privately give what amounts to Allen",instruction to hold

out jurors")and this is exactly what the Court did,because of(hold out juror's)who felt

in their opinion that the defendant was[NOT GUILTY"]which was their rights as "Public

Servants-jurors,after the trial Court delivered the oral["ALLEN CHARGE"] to the jury.

16.

ISSUE TWO:                    ARGUMENT AND AUTHORITY:

C)A guilty verdict was eventually returned.(V.6.R.R.at 38)(V.7.R.R.at 5),IT is apparrent From this chain of events that the evidence against the appellant was not overwhelming, In the eyes of the jury,because the jury was not properly and timely instructed that it Could consider evidence of the "extraneous offense",only for a limited purpose there is A very strong possibility that the jury used evidence of the "extraneous Aggravated Assault",and the possession of the ["CRACK COCAINE"]incorrectly,improperly,this becomes Particularly troublin when compared to,and confronted with the jury's vacillation over The appellant's ownership of the["GUN"]in STATE'S EXH.NO.3,because the "Extraneous Offense evidence,also involved an incident with a["GUN"],this otherwise inadmissible Evidence,allowed the jury to form an indelible opinion or perception of the appellant,as Someone who frequently carried a pistol and had committed other offenses on the night in Question,without the "extraneous offense evidence",the link between the appellant and The pistol in STATE'S EXH NO.3,becomes far more tenuous.Rankin,974 S.W.2d at 712;see Also Roberts v.STATE,29 S.W.3d 596,602(Tex.App.-Houston[1st Dist.]200,pet.ref'd)(holding the defendant suffered harm under Rule 44.2(b)stemming from the erroneous admission of "extraneous offense evidence"linked the defendant to the "Cocaine he was convicted of possessing)As a practical matter,[Mr.Valery Gulley"]has a very lengthly criminal history with a total of twenty-Seven separate arrest(V.4.R.R.at 163)Most of["Gulley's"]criminal conviction occured in the 1990's and includes multiple convictions for thefts,burglary of motor vehicles and criminal trespass.In addition,["Gulley"]has one Robbery conviction For which he was incarcerated(V.4.R.R.at 139-141)["Gulley self-reported as suffering fro m a number of serious medical ailments,including "Bipolar disorder",insomnia,and diabete s(V.4.R.R.at 125,143,148)The "Gravamen",is this:To make a long story short,none of the matters that were litigated in the appellant's trial proved that a [Aggravated Robbery"] was infact committed.They only proved",character conformity,all the STATE'S A.D.A,proved was that the appellant was or could have been a bad person,and that is not a crime by Law(it's a moral inference")There was no way that the appellant could have or receive

17.

ISSUE TWO:                    ARGUMENT AND AUTHORITY:

C)A fair trial with those(12)Twelve juror's convinced that he was a bad person and

Deserved to be locked-up,incarcerated!!!

Because the trial court's error in failing to give a timely oral limiting instru

ction is "NON-Constitutional error,the harm standard found in Texas Rules of Appel

late Procedure 44.2(b)applies.Under 44.2(b),the appellate must demonstrate that a

Substantial right was affected.A substantial right is affected when the error had

A substantial and injurious effect or influence in determining the jury's verdict.

See:King,953 S.W.2d at 271;see also Johnson v.STATE,967 S.W.2d 410,417(Tex.Crim.App.

1998)("A criminal conviction should not be overturned for non-constitutional error if

appellate court,after examining the record as whole,has fair assurance that the error

did not influence the jury,or had but a slight effect").


                              **PRAYER:**

WHEREFORE,PREMISES,CONSUDERED,Appellant prays that this Honorable Court,"GRANTS,this


PETITION FOR DISCRETIONARY REVIEW,Reverse,or vacate,and or Remand this Appellant's

Case back to the trial Court for a "NEW TRIAL",and enter any other appropriate ORDER"

In connection with the administration of justice therewith in this case.

                              Respectfully Submitted.,


                         /s/ _M.Oliver K.Hughes_

                         Mr.Oliver K.Hughes,Pro-Se

                         TDCJ-CID#1929487

                         French M.Robertson Unit

                         12071 FM 3522
                         Abilene,Texas 79601-8799

                              18.

**VERIFICATION:**

I,Oliver K.Hughes,TDCJ-CID#1929487,being currently incarcerated within the

French M.Robertson Unit of TDCJ'S system in Jones County,Texas,I,do,hereby,verify,and

Declares under the penalty of perjury that the foregoing motion/statement made herein

Are both true and correct,as well as offered in GOOD FAITH.

[Civ.Prac.& Rem.CODE.§132.001-3 et.seq.,/28 U.S.C.§1746]

SIGNED AND DECLARED ON THIS THE __11th__ day of ____JUNE____ 2015

Respectfully Submitted.,

/s/ _M. Oliver K. Hughes_

Mr.Oliver K.Hughes,Pro-SE

TDCJ-CID#1929487

French M.Robertson Unit

12071 FM 3522

Abilene,Texas 79601-8799

**CERTIFICATE OF SERVICE:**

I,Oliver K.HUGHES,TDCJ-CID#1929487,I,do,hereby,certify that a true and correct

Copy of the motion/statement made are both true and correctly filed TO the CLERK:

Abel Acosta--FOR THE COURT OF CRIMINAL APPEALS-Supreme Court BLDG.-201 W.14th St.RM106-

P.O.BOX 12308-Austin,Texas 78711-2308,via by U.S.Mail.

EXECUTED ON THIS THE __11th__ day of ____JUNE____ 2015

Respectfully Submitted,

/s/ _M. Oliver K. Hughes_

Mr.Oliver K.Hughes,Pro-Se

TDCJ-CID#1929487

French M.Robertson Unit
12071 FM 3522
Abilene,Texas 79601-8799

## NOTICE
## OFFENDER NOTARY PUBLIC SERVICE

Under both Federal law (28 U.S.C § 1746) and State law (V.T.C.A. Civil Practice & Remedies Code, §132.001-132.003), offenders incarcerated in Texas may use an unsworn declaration under penalty of perjury in place of a written declaration, verification, certification, oath, or affidavit sworn before a Notary Public.

In a request for Notary Public service, each offender must explain why an Unsworn Declaration is insufficient before Notary Public service will be provided.

**********************************************************************

*An **example** of an unsworn declaration pursuant to **State law** is as follows:*

"My name is _Oliver_  _K._  _Hughes_ my date of birth is _6-29-73_,
      (First)     (Middle)    (Last)

and my inmate identifying number, is _#1929487_ . I am presently incarcerated in

_"Robertson Unit"_ in _Abilene_
      (Corrections unit name)           (City)
_Jones_     _Texas_     _79601_ . I declare under penalty of
(County)     (State)     (Zip Code)

perjury that the foregoing is true and correct.

Executed on the _11th_ day of _June_ , 20_15_ . _Mr. Oliver K. Hughes_
                                              (Offender Signature)

**********************************************************************

*An **example** of an unsworn declaration pursuant to **Federal law** is as follows:*

I _____(insert offender name and TDCJ number), being presently incarcerated in _____ (insert TDCJ unit name), in _____County, Texas, declare under penalty of perjury that the foregoing is true and correct.

Executed on the _____day of_____, 20___. _____
                                            (Offender Signature)

**********************************************************************

## NOTICE
## NOTARY PUBLIC SERVICE DENIAL

Regarding your request for Notary Public service, insufficient justification was provided necessitating Notary Public service. However, you may proceed with an Unsworn Declaration.

_____        _6-8-15_
(Signature - Notary)                   (Date)



In The

# Court of Appeals

For The

# First District of Texas

---

## NO. 01-14-00173-CR

---

**OLIVER HUGHES, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

On Appeal from the 339th District Court
Harris County, Texas
Trial Court Case No. 1348998

---

## MEMORANDUM OPINION

A jury convicted appellant, Oliver Hughes, of the first-degree felony offense

of aggravated robbery and, after appellant pleaded true to the allegations in an

enhancement paragraph, assessed punishment at seventeen years' confinement.[1] In two issues, appellant contends that the trial court erroneously (1) admitted evidence of two extraneous offenses, and (2) failed to give a timely oral limiting instruction to the jury following the admission of the extraneous offense evidence.

We affirm.

## Background

On May 26, 2012, Valery Gulley, the complainant, drove to an apartment complex on Crofton Street in northeast Houston to visit a friend he knew as "Slim." Slim is appellant's brother. When Gulley pulled up to the apartments, he saw appellant outside "cursing and screaming and yelling" while on his cell phone. Appellant then walked up to Gulley's car and started yelling and screaming at him. Appellant pulled out a gun, demanded money, and hit Gulley in the face with the gun. Gulley handed appellant $25 and drove away.

Gulley drove around the area for about seven or eight minutes searching for law enforcement before he saw police officers pull into the same apartment complex he had just left. The police officers stopped in front of appellant's apartment. Gulley then reported the robbery to one of the officers and showed the officer his split lip from where appellant had hit him in the face with the gun. Gulley gave the officers a description of his assailant and then saw appellant

---

[1] See TEX. PENAL CODE ANN. § 29.03(a)(2) (Vernon 2011).

2

already sitting in the back of a patrol car. He identified appellant as the person who had assaulted and robbed him.

Houston Police Department ("HPD") Officer J. Black testified that he received a dispatch regarding a disturbance on Crofton Street involving appellant and a weapon around 3:40 a.m. on May 26, 2012. Gulley was not the complainant for this incident, and Officer Black did not provide details of this incident. At the apartment complex, Officer Black spoke with the 9-1-1 caller, a man named Edinson Green, and afterwards searched the area for appellant but could not find him. Officer Black then left the complex, but returned around 5:00 a.m. after a second call from Green. HPD Officer J. Huckabee saw appellant, who matched the physical description given by Green, reaching into the wheel well of a truck parked behind the apartment. Appellant did not have a weapon on his person, but Officer Black looked at the wheel well of the truck and saw a gun sitting on top of the tire.

After Officers Black and Huckabee placed appellant in custody, Gulley approached the officers and reported appellant's assault and robbery of him. Gulley could not give the officers the name of his assailant, but he could give a physical description, which matched appellant. Gulley then saw appellant sitting in the back of Officer Black's patrol car, and he identified appellant as his

3

assailant. At trial, Gulley identified the gun that Officer Black recovered from the wheel well as the gun that appellant used to rob him.

Appellant represented himself at trial. At a pretrial conference, the State agreed that it would refer to the reason why the officers were at Crofton Street before encountering appellant and Gulley as an "ongoing investigation," and it would not go into the details of any extraneous offenses. On re-cross examination, appellant asked Officer Black when he had received the initial call to go to Crofton Street and whether Gulley or someone else had called 9-1-1. Appellant asked the trial court if a copy of the initial 9-1-1 call could be played for the jury. The State argued that appellant had "opened the door to the whole thing," referring to the initial aggravated assault offense that brought the officers out to the apartment complex. The trial court responded, "Not yet. I said not yet." Appellant then questioned Officer Black about whether he had ever determined that appellant had a motive for robbing Gulley.

After appellant finished examining Officer Black, the trial court held a hearing outside the presence of the jury. The trial court asked appellant, "Do you recall me saying if you opened the door, then there is a possibility that the evidence of the prior offense on that night to which you've been arrested and charged for but which is not a subject of this trial, those details could come in?" The trial court heard a statement of probable cause on the initial offense and then stated, "The

4

situation, Mr. Hughes, is you repeatedly asked the officer about, did he have any motive whatsoever, things of that nature. You opened the door, so now it comes in."

The State then recalled Officer Black and asked him to tell the jury about the initial 9-1-1 call that brought him to Crofton Street. At the apartment complex, Officer Black met with Edinson Green, and Black began investigating "[a]n aggravated assault with a deadly weapon." Appellant and the trial court had the following exchange before the jury:

| [Appellant]: | [W]ould you please instruct the jury that I'm only in here right now—in here for one charge and one charge only, and that's aggravated robbery of Mr. Valery Gulley? |
|---|---|
| The Court: | For purposes of the record, that's what he's charged with. |
| [Appellant]: | One charge and one charge only. |
| The Court: | That's what he's charged with in this trial. |

Officer Huckabee also testified concerning the first 9-1-1 call, the officers' initial meeting with Green, their search of the apartment complex for appellant, and their eventual encounter with appellant.

During appellant's cross-examination of Gulley, the following exchange occurred:

| [Appellant]: | What was the motive for me robbing you in front of my door for $25 where I pay rent at? |
|---|---|

5

| [Gulley]: | You want to know why I feel you would do that? |
|---|---|
| [Appellant]: | Yeah. |
| [Gulley]: | Because you were on drugs, and it was plain to see. |
| [Appellant]: | Okay. You say I was on drugs? |
| [Gulley]: | That's the only way I can see you doing that. |
| The Court: | Let's move off of that subject. |
| [Appellant]: | Do you have any proof to substantiate I was on drugs? |
| [Gulley]: | You asked me what I thought. |

The next day, the State informed the trial court of its intention to recall Officer Black to testify not only regarding the original 9-1-1 call relating to the aggravated assault offense but also regarding the fact that, after the officers placed appellant in custody, they conducted a protective sweep of his apartment and discovered cocaine in plain view inside the apartment. Appellant objected on relevance grounds. The trial court stated, "He opened the door. That's the reason why you get this other testimony in."

Before the State recalled Officer Black, the trial court gave the following instruction to the jury:[2]

> Ladies and gentlemen of the jury, you are instructed that the following evidence concerning an alleged offense or offenses other than the offense which is alleged in the indictment against the defendant may only be considered by you if you believe beyond a reasonable doubt that the defendant committed these offense or offenses, if any. And

---

[2] The jury charge contained a substantively identical instruction.

6

even then, you may only consider said evidence in determining the motive, opportunity, plan, knowledge, identity or absence of mistake or accident of the defendant, if any, in connection with the offense alleged against the defendant in the indictment in the trial. You are not to consider this evidence for any other purpose whatsoever.

Officer Black then testified that he was originally called to Crofton Street to investigate a robbery, and after speaking with Green, the 9-1-1 caller, he began investigating an aggravated assault involving a deadly weapon allegedly committed by appellant. Officer Black testified that after the officers came back to the apartment complex a second time and placed appellant in custody, but before officers spoke to Gulley, the officers noticed that the front door to appellant's apartment was open, and they searched the apartment "to ensure there were no further suspects or possibilities of anyone else being armed." During this search, officers found cocaine in plain view in appellant's apartment.

The jury ultimately found appellant guilty of the offense of aggravated robbery and, after appellant pleaded true to the allegations in an enhancement paragraph, assessed punishment at seventeen years' confinement. This appeal followed.

## Extraneous Offense Evidence

In his first issue, appellant contends that the trial court erred in admitting evidence that he had engaged in an extraneous aggravated assault offense and that he possessed cocaine in his apartment at the time of his arrest.

7

## A. Standard of Review

We review a trial court's decision to admit evidence for an abuse of discretion. *Torres v. State*, 71 S.W.3d 758, 760 (Tex. Crim. App. 2002) (citing *Burden v. State*, 55 S.W.3d 608, 615 (Tex. Crim. App. 2001)). As long as the trial court's evidentiary ruling is "within the zone of reasonable disagreement," we may not reverse it. *Rezaie v. State*, 259 S.W.3d 811, 814 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd) (citing *Green v. State*, 934 S.W.2d 92, 102 (Tex. Crim. App. 1996)). We will not disturb a trial court's evidentiary ruling if it is correct on any theory of law applicable to that ruling. *De La Paz v. State*, 279 S.W.3d 336, 344 (Tex. Crim. App. 2009).

## B. Admission of Extraneous Offense Evidence

Texas Rule of Evidence 404(b) provides that "[e]vidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show action in conformity therewith." TEX. R. EVID. 404(b). However, extraneous offense or bad acts evidence may be admissible for other purposes, including "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . . ." *Id.* A trial court's Rule 404(b) ruling admitting extraneous offense evidence is generally within the "zone of reasonable disagreement," and thus does not constitute an abuse of discretion, if there is

8

evidence supporting that an extraneous act is relevant to a material, non-propensity issue. *Devoe v. State*, 354 S.W.3d 457, 469 (Tex. Crim. App. 2011).

"Extraneous offense evidence is admissible if it has some logical relevance aside from character conformity." *Bass v. State*, 270 S.W.3d 557, 562 (Tex. Crim. App. 2008). A defendant can "open the door" to the admission of otherwise inadmissible extraneous-offense evidence to rebut a defensive theory. *See id.* at 563 (holding that defense opening statement can open door to admission of extraneous-offense evidence to rebut defensive theory presented in opening statement); *Powell v. State*, 63 S.W.3d 435, 439 (Tex. Crim. App. 2001) (holding that it is within trial court's discretion to admit extraneous-offense evidence to rebut defensive theory raised in opening statement). "[A] party who 'opens the door' to otherwise inadmissible evidence risks the adverse effect of having that evidence admitted." *Bowley v. State*, 310 S.W.3d 431, 435 (Tex. Crim. App. 2010). Moreover, "the prosecution may always offer evidence to show motive for the commission of an offense because it is relevant as a circumstance to prove the commission of the offense." *Crane v. State*, 786 S.W.2d 338, 350 (Tex. Crim. App. 1990) (quoting *Porter v. State*, 623 S.W.2d 374, 385–86 (Tex. Crim. App. 1981)); *see also Ladd v. State*, 3 S.W.3d 547, 567–68 (Tex. Crim. App. 1999) (holding that trial court did not abuse its discretion in admitting, in murder trial, evidence that defendant smoked cocaine on night of murder because court could

have reasonably concluded "that the extraneous offense evidence was admissible to help prove appellant's motive for the killing, to wit: to obtain the victim's property so that he could exchange it for cocaine").

### 1. Extraneous Aggravated Assault

With respect to the evidence that appellant assaulted Edinson Green at the Crofton Street apartment complex before robbing Gulley, the State argues that appellant opened the door to admission of evidence concerning this offense by questioning Officer Black about who made the initial 9-1-1 call, indicating that he wished to play the 9-1-1 call to the jury, and then failing to object when the State later offered a recording of the 9-1-1 call into evidence. We agree.

On cross-examination, appellant asked Officer Black about the initial 9-1-1 call that brought him out to the apartment complex. Appellant asked:

| [Appellant]: | Did the plaintiff, Mr. Gulley—did he call the police or someone else? |
|---|---|
| [Officer Black]: | Someone else. |
| [Appellant]: | Someone else. Okay. Someone else called 911. Where was the place of the scene where these events took place? What was the physical address? |
| [Officer Black]: | 9636 Crofton. |
| [Appellant]: | And whose address is that? |
| The Court: | If you know. |
| [Appellant]: | Whose address is 9636 Crofton? |
| [Officer Black]: | The person who called, as well as yourself. |

10

| [Appellant]: | Okay. But we don't know the person who called? We don't know? |
|---|---|
| [Appellant]: | Excuse me. Your Honor, could you ask the State—do we have a copy of the 911 call? |
| [The State]: | We'll play the 911. |
| The Court: | No, not yet. |

By questioning Officer Black about the initial 9-1-1 caller, suggesting that Officer Black did not know the identity of the 9-1-1 caller, and seeking to play the 9-1-1 call for the jury, appellant opened the door to testimony concerning the aggravated assault offense that was the subject of the 9-1-1 call. *See Bowley*, 310 S.W.3d at 435 (stating that "a party who 'opens the door' to otherwise inadmissible evidence risks the adverse effect of having that evidence admitted"); *Bass*, 270 S.W.3d at 563 (holding that defendant may open door to admission of extraneous-offense evidence to rebut defensive theory).

We hold that the trial court could have reasonably concluded that, through his questioning of Officer Black, appellant opened the door to testimony concerning the extraneous aggravated assault offense and that the trial court, therefore, did not err in admitting this evidence.

### 2. Extraneous Possession of Cocaine

With respect to the evidence of appellant's possession of cocaine in his apartment at the time of his arrest, the State argues that appellant opened the door

11

to this evidence by repeatedly asking Gulley about his impressions of appellant's motive for the robbery and that appellant's possession of cocaine in his apartment tended to prove that he committed the offense because he was under the influence of drugs. We agree with the State that appellant opened the door to admission of this evidence.

During his cross-examination of Gulley, appellant repeatedly asked Gulley why he thought appellant, who had been standing in front of his own apartment at the time he encountered Gulley, would rob Gulley at gunpoint for $25. Gulley responded that he thought appellant was high during the incident. Appellant then asked Gulley if he had any proof to substantiate his assertion that appellant was under the influence of drugs. The trial court then ruled that appellant had opened the door to testimony that police officers, during the search of appellant's apartment following his arrest, found cocaine in plain view in the apartment. The State recalled Officer Black to testify to this search and to the recovery of cocaine from appellant's apartment.[3]

We agree with the State that, through his questioning of Gulley, appellant opened the door to introduction of evidence that he possessed cocaine in his apartment at the time of the offense. Throughout his questioning of Gulley, Officer Black, and Officer Huckabee, appellant repeatedly sought to elicit

---

[3] Appellant raises no argument on appeal that this search was impermissible pursuant to the Fourth Amendment.

12

testimony that the State had no motive for why appellant would rob Gulley, thus casting doubt on Gulley's testimony. Eliciting testimony from Gulley that Gulley believed appellant was high during the incident, and, specifically, asking Gulley whether he had any proof to substantiate that belief, opened the door to allow the State to produce evidence that appellant was in possession of and using cocaine at the time of the offense. *See Bowley,* 310 S.W.3d at 435 (stating that "a party who 'opens the door' to otherwise inadmissible evidence risks the adverse effect of having that evidence admitted"); *Bass,* 270 S.W.3d at 563 (holding that defendant may open door to admission of extraneous-offense evidence to rebut defensive theory); *Ladd,* 3 S.W.3d at 567–68 (holding that trial court did not abuse its discretion in admitting evidence that defendant had used cocaine on night of murder because such evidence helped prove appellant's motive for murder). We conclude that the trial court reasonably could have concluded that appellant opened the door to admission of evidence that he possessed cocaine at the time of the robbery. We hold that the trial court did not err in admitting this evidence.

We overrule appellant's first issue.[4]

---

[4] Appellant cites the Court of Criminal Appeals' opinion in *Couret v. State,* 792 S.W.2d 106 (Tex. Crim. App. 1990) (per curiam), in which the trial court erroneously admitted evidence that Couret, who was on trial for burglary of a habitation, possessed a hypodermic needle in his pocket at the time of arrest, for the proposition that "[w]ithout some sort of link between the discovery of drugs or drug paraphernalia and the underlying criminal offense, evidence of the defendant's possession of a controlled substance is inadmissible under Rule

## Limiting Instruction

In his second issue, appellant contends that the trial court erroneously failed to give a timely instruction limiting the jury's consideration of the extraneous offense evidence.

Texas Rule of Evidence 105(a) provides:

> When evidence which is admissible as to one party or for one purpose but not admissible as to another party or for another purpose is admitted, the court, *upon request*, shall restrict the evidence to its proper scope and instruct the jury accordingly; but, in the absence of such request the court's action in admitting such evidence without limitation shall not be a ground for complaint on appeal.

TEX. R. EVID. 105(a) (emphasis added). "*When requested*, the court must also include an instruction not to consider evidence admitted for a limited purpose unless the jury finds beyond a reasonable doubt that the defendant committed the extraneous offenses." *McNeil v. State*, No. 01-13-00234-CR, 2014 WL 6601514, at *4 (Tex. App.—Houston [1st Dist.] Nov. 20, 2014, pet. struck) (emphasis added); *see also Hammock v. State*, 46 S.W.3d 889, 894 (Tex. Crim. App. 2001) (declining to overrule line of cases requiring "a request for a limiting instruction at the admission of the evidence"). If a defendant fails to request a limiting

---

404(b)." Here, however, Gulley testified that he believed appellant committed the charged aggravated robbery because he was high. Thus, in this case, there is a connection between appellant's possession of cocaine and the charged offense. We therefore conclude that *Couret* is factually distinguishable and does not compel the exclusion of the evidence that appellant possessed cocaine at the time of his arrest.

14

instruction at the first opportunity, the evidence is admitted for "all purposes." *Hammock*, 46 S.W.3d at 895. To be sufficiently specific such that the defendant preserves error for review, the defendant's request for a limiting instruction must inform the trial court "as to what limitation should be placed upon the evidence." *Puente v. State*, 888 S.W.2d 521, 528 (Tex. App.—San Antonio 1994, no pet.); *see also Wells v. State*, 241 S.W.3d 172, 179 (Tex. App.—Eastland 2007, pet. ref'd) (holding same).

Here, appellant did not make a sufficiently specific request for a limiting instruction. He did not inform the trial court "as to what limitations should be placed upon the evidence." *Wells*, 241 S.W.3d at 179; *Puente*, 888 S.W.2d at 528. Instead, he merely requested that the trial court instruct the jury that he is "in here for one charge and one charge only, and that's aggravated robbery of Mr. Valery Gulley." That is precisely the instruction that the trial court gave at that time when it stated in response, "That's what he's charged with in this trial." We hold that the trial court did not err when it failed to give a limiting instruction at the time the State introduced evidence of the extraneous aggravated assault charge.

With respect to the possession of cocaine evidence, before the State recalled Officer Black and he testified concerning this evidence, the trial court gave the following instruction:

> Ladies and gentlemen of the jury, you are instructed that the following evidence concerning an alleged offense or offenses other than the

15

offense which is alleged in the indictment against the defendant may only be considered by you if you believe beyond a reasonable doubt that the defendant committed these offense or offenses, if any. And even then, you may only consider said evidence in determining the motive, opportunity, plan, knowledge, identity or absence of mistake or accident of the defendant, if any, in connection with the offense alleged against the defendant in the indictment in this trial. You are not to consider this evidence for any other purpose whatsoever.

The trial court included a substantively identical instruction in the jury charge. The jury was thus instructed before it heard evidence that appellant possessed cocaine in his apartment at the time of the offense that it was not to consider that evidence for any purpose other than for "determining the motive, opportunity, plan, knowledge, identity or absence of mistake or accident of the defendant." Therefore, to the extent appellant complains that the trial court did not properly instruct the jury that it could consider the evidence of possession only for certain purposes, we hold that the trial court did not err.

We overrule appellant's second issue.

## Conclusion

We affirm the judgment of the trial court.

Evelyn V. Keyes
Justice

Panel consists of Justices Keyes, Bland, and Massengale.

Do not publish. TEX. R. APP. P. 47.2(b).

16